NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

SERAFIN TORRES URBINA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-1384

Agency No.
A205-719-064

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2023[**]
Seattle, Washington

Before: WARDLAW and M. SMITH, Circuit Judges, and MATSUMOTO, Senior District Judge.[***]

Serafin Torres Urbina ("Torres"), a native and citizen of Mexico, petitions

for review of a Board of Immigration Appeals' ("BIA") decision dismissing his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kiyo A. Matsumoto, United States Senior District Judge for the Eastern District of New York, sitting by designation.

appeal of the Immigration Judge's ("IJ") denial of his application for Withholding of Removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the BIA's conclusion that Torres failed to establish eligibility for withholding of removal. To establish eligibility for withholding of removal in the absence of past persecution, an applicant must establish that he possesses "a subjective fear of persecution in the future, and that this fear is objectively reasonable–which, in the withholding context, means that the chance of future persecution is 'more likely than not.'" *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009). Torres asserts that he is afraid to return to Mexico because he will be persecuted by Los Zetas gang members on account of his membership in social groups related to his family or his family's status as business owners.[1] Torres argues that his fear of future harm is objectively reasonable because Los Zetas and other cartels are a "continuous problem for the authorities in Mexico" and he knows of two people killed in Mexico by cartels. However, as the BIA observed, Torres's fear of harm is not objectively reasonable

---

[1] Specifically, Torres argues that he will be persecuted because he is a (1) Mexican national whose family owns a business; (2) Mexican national whose family is being persecuted by Los Zetas; (3) Mexican national who is perceived to have more wealth than locals because his family owns a business; (4) family member of Ustorio Torres Rodriguez and Rosalia Vialda Padilla; (5) Mexican national who has been deported from the United States; (6) family member of Mexican business owners who refuse to pay extortion fees.

because his family no longer owns a business, and his family members in Mexico have never been harmed–even after they ignored extortion demands. *See Sinha v. Holder*, 564 F.3d 1015, 1022 (9th Cir. 2009). Therefore, even if Torres's evidence supports some likelihood of future persecution, it does not compel the conclusion that he is more likely than not to face persecution if removed.[2]

2. The BIA correctly concluded that Torres's proposed particular social group, "Mexican national who has been deported from the United States" is not cognizable. Cognizability requires the applicant to show "that the proposed social group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) (internal citations omitted). We have held that social groups similarly defined as "Mexican national who has been deported from the United States" were "too amorphous, overbroad and diffuse because it included men, women, and children of all ages, regardless of the length of time they were in the United States, the reasons for their

---

[2] The BIA also correctly noted that Torres waived any challenge to the IJ's determination that he could reasonably relocate within Mexico, and thus, he cannot meet his burden of proof to establish eligibility for withholding on that ground alone. *Hussain v. Rosen*, 985 F.3d 634, 649 (9th Cir. 2021). Torres's argument that the agency failed to cite affirmative evidence to support its finding that he could relocate to a part of Mexico where he is not likely to be tortured is unexhausted and is therefore not properly before us. *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020).

removal, or the recency of their removal" to be cognizable. *Reyes v. Lynch*, 842 F.3d 1125, 1139 (9th Cir. 2016); *see also Delgado-Ortiz v. Holder,* 600 F.3d 1148, 1151–52 (9th Cir. 2010).

3. Substantial evidence supports the BIA's conclusion that Torres did not establish eligibility for CAT protection. To obtain relief under CAT, a petitioner "must show that it is more likely than not that he or she will be tortured, and not simply persecuted upon removal" and "that such torture would be inflicted by or at the instigation of or with the consent or acquiescence of a public official." *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (internal quotation marks omitted). Although Torres testified that he has not experienced past torture in Mexico, he contends that he is at risk of future torture because criminals in Mexico will identify him as a recent deportee from the United States based on his accent, mannerisms, and appearance, and assume that he is wealthy. However, evidence of violence towards deportees, Mexicans returning home from the United States, or Mexicans appearing American is not sufficiently particularized to support a CAT claim. Such descriptions constitute only "generalized evidence of violence and crime in Mexico" and are "not particular to [Torres] and [are] insufficient to meet [CAT's] standard." *Delgado-Ortiz*, 600 F.3d at 1152; *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229–30 (9th Cir. 2016). Torres also asserts that he faces a risk of future torture because his family was extorted in Mexico years ago. But Torres's

argument is undermined by the fact that his family has never been harmed despite living in Mexico and refusing to respond to extortion attempts. Moreover, Torres's family members were only threatened with harm and "[u]nfulfilled threats are very rarely sufficient to rise to the level of persecution," *Hussain*, 985 F.3d at 647, much less torture. *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) ("Torture is more severe than persecution.") (internal quotation omitted).

Further, substantial evidence supports the BIA's conclusion that any torture Torres might suffer would not be inflicted with the consent or acquiescence of the Mexican government. Although Torres cites the U.S. Department of State's Country Report on Human Rights Practices for 2018 noting continued corruption by government officials in Mexico, the report also notes Mexico's increased response to local corruption, including the creation of a federal anticorruption force, and new laws that authorize the Mexican military to support civilian authorities, combat organized criminal groups, and protect migrants. Further, Torres testified that nothing has "directly" happened in his town or to his family to suggest that government officials work with criminals. Therefore, the record does not compel the conclusion that any torture inflicted upon Torres would be inflicted by or with the consent or acquiescence of public officials. *See Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017).

**PETITION DENIED.**